UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

_____

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

                Plaintiff,

v.

INDEPENDENT SCHOOL DISTRICT
NO. 761 OF OWATONNA, MN,

                Defendant.

Civil No. 04-4092 (RHK/RLE)

**CONSENT JUDGMENT**

_____

## INTRODUCTION

Plaintiff Equal Employment Opportunity Commission (hereinafter the "EEOC") has instituted this action alleging that Defendant Independent School District No. 761 of Owatonna, MN (hereinafter "District") discriminated against certain of its employees because of their age in the implementation and administration of its retirement incentive plans in violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq*. (hereinafter "ADEA").

For purposes of settlement and compromise only, the parties have advised the Court that they wish to resolve the instant controversy without the expense, delay, and burden of further litigation;

THEREFORE, it is the finding of this Court, made on the pleadings and on the record as a whole and upon agreement of the parties, that: (i) this Court has jurisdiction

over the parties to and the subject matter of this action, (ii) the requirements of the ADEA will be carried out by the implementation of this Consent Judgment, (iii) this Consent Judgment is intended to and does resolve all matters in controversy in this lawsuit among the parties, (iv) the terms of this Consent Judgment constitute a fair and equitable settlement of all issues in this lawsuit, and (v) this Consent Judgment is intended to and does resolve claims of the EEOC pursuant to the ADEA that are based upon early retirement incentive plans, wherein the plans provided fewer payments as the employee grew older, where those plans existed on or before June 30, 2002.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED as follows:

## I. INJUNCTIVE RELIEF

1. The District shall not implement and/or administer any retirement incentive plan in which the amount of the benefit payable under the plan is reduced because of age or on the basis of an employee's continued employment beyond his or her date of first eligibility for retirement under the applicable retirement plan(s).

2. The District shall not discriminate or retaliate against any person because he or she has opposed any practices alleged in this action as unlawful under the ADEA, has participated in an investigation conducted under the ADEA with respect to this complaint, or has participated in this lawsuit or has benefitted in any way as a result of this Consent Judgment.

## II.  RELIEF FOR AGGRIEVED PERSONS

3. Within thirty (30) days of the entry of this Consent Judgment, the District shall issue a check to each person listed on Exhibit A attached hereto in the gross amount listed on Exhibit A, less only any applicable deductions for the employee's portion of FICA and applicable federal and state income tax withholdings.  The check shall be mailed by certified mail to the person's last known address.  The District shall send a copy of the checks to the EEOC at the time of mailing to the persons listed on Exhibit A.

## III.  POSTING AND POLICIES

4. The District shall post and cause to remain posted the posters required to be displayed in the workplace by EEOC regulation 29 C.F.R. § 1601.30 in all facilities owned and operated by the District.

5. The District shall post and cause to remain posted copies of the notice attached hereto as Exhibit B in locations publicly visible to all employees in all District facilities for a period of one (l) year starting from the date of entry of this Consent Judgment.

## IV.  REPORTING

6. Within forty-five (45) days of the entry of this Consent Judgment, the District shall prepare and submit to the undersigned EEOC attorney a letter indicating that the notice has been posted as required by paragraph 5 above.

7. During the term of this Consent Judgment, the District will notify the undersigned EEOC attorney if it implements and/or revises any retirement incentive plans applicable to any of the District's employees within ten (10) days of the implementation or revision. The District shall forward copies of any and all retirement incentive plans which are implemented and/or revised at any time during the term of this Consent Judgment along with such notification.

8. During the term of this Consent Judgment, the District shall allow representatives of the EEOC to review the District's compliance with this Consent Judgment by inspecting and photocopying relevant documents and records, interviewing employees and management officials on their premises, and inspecting its premises. Such review of compliance shall be initiated by written notice to the District's attorney of record at least seven (7) business days in advance of any inspection of the District's documents or premises.

## V. TERM AND EFFECT OF CONSENT JUDGMENT

9. The District represents that Exhibit A is a true and complete list of every person who retired on or after June 1998 and who was subject to a provision that reduced an early retirement incentive based upon the retiree's age. This Consent Judgment does not resolve claims for any person who retired on or after June 1998 and who was subject to a provision that reduced an early retirement incentive based upon the retiree's age but who is not listed on Exhibit A.

10.   Subject to Paragraph 9, this Consent Judgment constitutes the full, final and complete resolution of all claims of the EEOC alleging that the District violated the ADEA based upon early retirement incentive plans on or before June 30, 2002, that reduced the amount of the incentive as the person grew older because of age.

11.   By entering into this Consent Judgment, the parties do not intend to resolve any charges of discrimination currently pending before the EEOC other than charges that created the procedural foundation for the complaint in this case and those persons listed on Exhibit A.

12.   Except for Paragraph 10, which constitutes a permanent agreement, this Consent Judgment shall be for a period of five years and can only be extended for good cause shown. During the Consent Judgment's term, the Court shall retain jurisdiction of this cause for purposes of compliance.

13.   Each party shall bear that party's own costs.

                                                          BY THE COURT:


DATE:   11/03/05                              s/Richard H. Kyle
                                              RICHARD H. KYLE
                                              United States District Judge

BY CONSENT:

FOR DEFENDANT INDEPENDENT  FOR PLAINTIFF:
SCHOOL DISTRICT NO. 761


By   s/Jonathan R. Hanson             s/Laurie A. Vasichek
                                     Laurie A. Vasichek (0171438)
Its:   Board Chair                   Senior Trial Attorney
                                     laurie.vasichek@eeoc.gov
                                     Equal Employment Opportunity
                                     Commission
                                     330 Second Avenue South, Suite 430
                                     Minneapolis, MN 55401
                                     (612) 335-4061

**EXHIBIT A**

| | Early Retirement Incentive Benefit | Interest | Total |
|---|---:|---:|---:|
| James Thulien | $ 3,396.90 | $ 473.34 | 3,870.24 |
| Bonnie Lewis | 4,552.12 | 1,454.04 | 6,006.16 |
| Norm Bang | 18,826.59 | 7,852.30 | 26,678.89 |
| Harry Buerman | 3,318.34 | 1,071.30 | 4,389.64 |
| Carol Carothers | 3,790.42 | 1,223.73 | 5,014.15 |
| Connie Cass | 9,138.90 | 3,811.70 | 12,950.60 |
| Vilnis Giga | 16,589.02 | 5,355.70 | 21,944.72 |
| John Holland | 3,137.26 | 1,308.50 | 4,445.76 |
| Steve Jensen | 10,155.60 | 4,235.74 | 14,391.34 |
| Doug Kolbe | 3,735.32 | 584.27 | 4,319.59 |
| | | | |
| Charlotte Lunow | 35,207.31 | 14,684.45 | 49,891.76 |
| Marlys Olson | 15,392.61 | 4,969.46 | 20,362.07 |
| Rolf Olson | 14,292.43 | 5,961.15 | 20,253.58 |
| Ruth Russell | 24,416.79 | 10,183.88 | 34,600.67 |
| Richard Schleich | 6,927.09 | 965.28 | 7,892.37 |
| Virginia Thompson | 18,826.60 | 7,852.30 | 26,678.90 |
| Jon Wilker | 20,781.49 | 2,895.87 | 23,677.36 |
| June Garrison | 3,472.76 | 1,034.31 | 4,507.07 |
| Pat Dunn | 4,240.80 | 246.53 | 4,487.33 |
| Susan Hackerson | 1,930.40 | 119.01 | 2,049.41 |
| | | | |
| Judy Harlicker | 2,246.01 | 296.72 | 2,542.73 |
| Elaine Hoefener | 3,432.08 | 674.91 | 4,106.99 |
| Jim Kading | 3,700.55 | 1,421.99 | 5,122.54 |
| Mabel Kamrath | 8,283.62 | 442.98 | 8,726.60 |
| Gaynor Levos | 16,651.60 | 2,199.90 | 18,851.50 |
| Dianna Maas | 6,448.46 | 2,003.53 | 8,451.60 |
| Audrey Parker | 5,131.28 | 698.32 | 5,829.60 |
| Mary Ripka | 3,821.28 | 520.05 | 4,341.33 |
| Rosemary Schuster | 4,232.04 | 1,346.24 | 5,578.28 |
| | | | |
| Totals | $ 276,075.67 | $85,887.50 | $361,963.17 |

**EXHIBIT B**

(TO BE TYPED ON SCHOOL DISTRICT LETTERHEAD)

**<u>NOTICE TO EMPLOYEES</u>**

This Notice is posted pursuant to a Consent Judgment resolving a lawsuit with the Equal Employment Opportunity Commission.

Federal law requires that there be no discrimination against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin or age (40 and over) with respect to hiring, promotion, firing, compensation, or other terms, conditions or privileges of employment.

Independent School District No. 761 of Owatonna, MN will comply with such Federal law in all respects and will not take any action against employees because they have exercised their rights under the law.

Specifically, Independent School District No. 761 of Owatonna, MN will not implement or administer any retirement incentive plan that discriminates against employees on the basis of age in that it reduces benefits based upon age or upon an employee's continued employment beyond his or her date of first eligibility for retirement.

    s/Tom Tapper
SUPERINTENDENT OF SCHOOLS